UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>AMERISURE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 21-cv-10969<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 33) AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 34)**

## I.   Introduction

Plaintiff Travelers Property Casualty Company of America filed this

action against defendant Amerisure Insurance Company for declaratory

relief relating to the parties' respective duty to defend an indemnify their

insured, a defendant in an underlying litigation over a worksite injury. ECF

No. 1. The parties filed cross motions for summary judgment, which are

fully briefed. ECF Nos. 33, 34, 46, 47, 48, 51. The Court heard oral

argument from the parties at a hearing on November 3, 2022.

## II.     Factual Background and Parties' Arguments

The parties are insurers for contractors on a construction site where

an injury occurred. Kirco Manix Construction LLC, or its affiliate, Kirco-Om

Plymouth LLC, (Kirco) was the general contractor for the construction of a

commercial building in Plymouth, Michigan, known as the Oerlikon project.

ECF No. 1. Travelers issued both a commercial general liability (CGL) and

a commercial excess (umbrella) policy to Kirco. ECF Nos. 41, 42. Pursuant

to the terms of its subcontract with Merlo Construction Company, Inc., Kirco

was also covered as an additional insured under Merlo's CGL and umbrella

policies issued by Amerisure. ECF Nos. 37, 38, 39, 40.

In November 2017, a Merlo employee was seriously injured when a

tool he was carrying made contact with an overhead electrical line on the

Oerlikon site. ECF No. 1-4. The injured employee filed suit in Wayne

County Circuit Court alleging negligence and other claims against Kirco

and others.[1] *Id.* Travelers retained counsel to defend Kirco but tendered the

---

[1] On September 1, 2022, the Michigan Court of Appeals reversed the
circuit court's denial of Kirco's motion for summary disposition and
remanded to the lower court to grant that motion and dismiss the plaintiff's
claims against Kirco. *El-Jamaly v. Kirco Manix Construction, LLC et al.*,
2022 WL 4005344 (Mich. Ct. App. Sept. 1, 2022). The underlying plaintiff

defense for the underlying action to Merlo under the indemnification provision in Kirco's contract with Merlo. ECF Nos. 46-3, 37. Travelers and Amerisure are now equally sharing the cost of Kirco's defense subject to mutual reservations of rights. ECF No. 48-1.

Travelers initiated this action and moves for summary judgment for declaratory relief that Amerisure's umbrella policy provides primary, non-contributory coverage for any Kirco liability, thereby relieving Travelers of any duty to defend or indemnify Kirco in the underlying action. ECF Nos. 1, 33, 46. In opposition and in its own motion for summary judgment, Amerisure argues that its umbrella policy offers only excess coverage to Kirco's other insurance, specifically its Travelers coverage. ECF Nos. 34, 48. Because Travelers' umbrella policy carries a similar excess "other insurance" provision, Amerisure contends the provisions are mutually repugnant and, under Michigan law, coverage for Kirco's liability in the underlying action, to the extent it exhausts the underlying CGL policy limits,

---

applied for leave to appeal the Court of Appeal's decision to the Michigan Supreme Court. 2022 WL 14894202 (Mich. Oct. 26, 2022). Even if the underlying claims against Kirco are not revived by the Michigan Supreme Court, this matter remains ripe for adjudication because Travelers' requested relief includes a determination that Amerisure is obligated to cover the entire cost of Kirco's defense under the terms of the Amerisure umbrella policy. ECF Nos. 1, 33, 46.

must be shared between Amerisure and Travelers on a *pro rata* by policy limit basis. *Id*.

## III.    Discussion

### A. Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Additionally, the evidence and all reasonable inferences must be construed in the light most

favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the [non-movant].'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

"When, as here, there are cross-motions for summary judgment, the Court considers them separately, and it is not necessary that either party is entitled to summary judgment; it is possible that neither party meets its burden." *Peatross v. Liberty Mutual Personal Ins. Co.*, 575 F. Supp. 3d 887, 891 (E.D. Mich. 2021) (citing *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 442 (6th Cir. 2021)). When considering the plaintiff's motion, the

evidence is viewed in the light most favorable to defendant and the burden is on the plaintiff to show that she is entitled to judgment as a matter of law. *Id*. The opposite is true when considering the defendant's motion. *Id*.

## B. Analysis

As a general matter of law, insurance policies are much the same as any contract and "are subject to the same contract construction principles that apply to any other species of contract." *Telerico v. Nationwide Mut. Fire Ins. Co*., 529 F. App'x 729, 731 (6th Cir. 2013) (quoting *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005)) (internal quotation marks omitted); *see also Livonia Pub. Schools v. Selective Ins. Co. of the S.E.*, 443 F. Supp. 3d 815, 841-42 (E.D. Mich. 2018). Courts are to "consider the contract as a whole and give meaning to all terms of the contract." *Farm Bureau Ins. Co. v. TNT Equipment, Inc*., 939 N.W.2d 738, 742 (Mich. Ct. App. 2019). Indeed, insurance policies must be "construed so as to give effect to every word, clause, and phrase, and a construction should be avoided that would render any part of the contract surplusage or nugatory." *Royal Property Group, LLC v. Prime Ins. Syndicate, Inc.*, 706 N.W.2d 426, 430 (Mich. Ct. App. 2005). Capitalized words and phrases in headings are no exception and must be considered in a fair reading of the entire policy. *See Raska v. Farm Bureau Mutual Ins. Co. of Michigan*, 314

N.W.2d 440, 441 (Mich. 1982); *see also Steinmann v. Dillon*, 670 N.W.2d 249, 253 (Mich. Ct. App. 2003).

The crux of the parties' dispute is the endorsement in Amerisure's umbrella policy, entitled "**ADDITIONAL INSURED—PRIMARY/NON-CONTRIBUTORY COVERAGE WHEN REQUIRED BY WRITTEN CONTRACT, WRITTEN AGREEMENT, OR CERTIFICATE OF INSURANCE**." ECF No. 40, PageID.1607 (emphasis in original). The endorsement adds language to paragraph 3 of Section II: "If coverage provided to any additional insured is required by a written contract, written agreement, or certificate of insurance, we will provide coverage to the additional insured on a primary basis without contribution from any other valid and collectible insurance available to the additional insured." *Id*. The endorsement also dictates that paragraph 5 of Section IV (Other Insurance) does not apply to coverage provided by the endorsement. *Id*.

Travelers argues that the plain, unambiguous language of the endorsement requires the Amerisure umbrella policy to cover defense and indemnity for Kirco in the underlying action, to the policy limit ($6 million, including the $1 million underlying Amerisure CGL coverage), without contribution from either the Travelers CGL or umbrella policy (other valid and collectible insurance) because Amerisure provided coverage to Kirco

as an additional insured under a written agreement with Merlo and a
certificate of insurance. Although this argument seems compelling at first
blush, it ultimately fails because it ignores the bolded, capitalized heading
dictating the circumstances under which that endorsement language
applies.

The emphasized heading heralds that the endorsement applies to
primary and/or non-contributory coverage for an additional insured *when
required* by a written contract, written agreement, or a certificate of
insurance. ECF No. 40, PageID.1607. As Amerisure points out, the
language Travelers relies upon is only added to paragraph 3 of Section II
and only eliminates paragraph 5 of Section IV of the umbrella policy if a
written contract, written agreement, or a certificate of insurance requires
primary/non-contributory coverage for an additional insured. Kirco's
subcontract with Merlo does not require Merlo to provide primary/non-
contributory coverage to additional insured Kirco. ECF No. 37,
PageID.1183, 1205. Nor does the certificate of insurance issued to Kirco
require such coverage. ECF No. 38.

Travelers does not suggest any alternate meaning of the boldfaced,
capitalized endorsement heading. It simply inserts the endorsement
language into paragraph 3 of Section II as if it applied automatically and

disregards the title entirely. ECF No. 46, PageID.1911. Yet, such a reading

flies in the face of the insurance contract construction rules requiring effect

be given to every word, clause, and phrase. *See Royal*, 706 N.W.2d at 432.

Travelers also argues that courts have ruled that the language of the

Amerisure umbrella's endorsement renders Amerisure Kirco's primary

insurer. But the cases Travelers cites to support that contention *all* involve

parties with written agreements requiring primary/non-contributory

coverage. *See, e.g.*, *Massachusetts Bay Ins. Co. v. Cincinnati Ins. Co*., 324

F. Supp. 3d 926, 936 (E.D. Mich. 2019); *Continental Casualty Co. v.*

*Amerisure Ins. Co.*, 886 F.3d 366, 369 (4th Cir. 2018); *Westfield Ins. Co. v.*

*Weaver Cooke Construction, LLC*, 383 F. Supp. 3d 566, 579 (E.D.N.C.

2019); *Pecker Iron Works of New York, Inc. v. Traveler's Ins. Co.*, 786

N.E.2d 863, 864 (N.Y. App. Div. 2003).

The Court finds that Travelers has provided no basis for ignoring the

additional insured endorsement title in the Amerisure umbrella policy which

plainly restricts its application to additional insureds with written contracts

or agreements requiring primary/non-contributory coverage. Because no

written contract, agreement, or certificate of insurance required Merlo to

provide Kirco additional insured coverage on a primary/non-contributory

basis, the additional insured-primary/non-contributory endorsement to the

Amerisure umbrella policy does not apply. Absent the additional insured-primary/non-contributory endorsement, Amerisure's umbrella coverage does not supersede Kirco's other valid and collectible insurance, namely Kirco's Travelers policies.

Although the coverage provided by the underlying CGL policies is not squarely before the Court—Travelers' complaint seeks only declaratory relief as to the coverage provided by the Amerisure umbrella policy—the Court recognizes that both the Travelers and Amerisure CGL policies assume the duty to defend Kirco until the applicable policy limit is reached via payment of judgment or settlement. ECF No. 39, PageID.1305; ECF No. 41, PageID.1636. Because no settlement or judgment has been paid on behalf of Kirco, the CGL policy limits have not been exhausted, and the duty to defend Kirco remains under the CGL policies;[2] at this stage, no duty to defend under the umbrella policies has been triggered.

In the event the parties ultimately exhaust the underlying CGL limits of liability, the Court clarifies the parties' respective obligations for Kirco's liability in the underlying action under the umbrella policies.[3]

---

[2] As noted, apportioning the parties' respective responsibilities under the CGL policies is not an issue before the Court.

[3] Prospective relief by way of a declaratory judgment in an insurance coverage case is important because "a prompt declaration of policy

The Travelers umbrella policy has an Other Insurance clause, paragraph 10 of Section IV, which designates its coverage as excess over any other valid and collectible insurance. ECF No. 42, PageID.1759. The Other Insurance clause of the Amerisure umbrella policy, Paragraph 5 of Section IV, likewise provides excess coverage over other insurance. ECF No. 40, PageID.1580. Under Michigan law, policies containing "excess" Other Insurance clauses share liability on a *pro rata* basis according to policy limit. *Pioneer State Mutual Ins. Co v. TIG Ins. Co*., 581 N.W.2d 802, 807 (Mich. Ct. App. 1998); *see also State Farm Fire and Cas. Co. v. Liberty Ins. Underwriters, Inc.*, 613 F. Supp. 945, 965 (W.D. Mich. 2009). Thus, Amerisure would not be solely liable for indemnifying Kirco under its umbrella policy. To the contrary, because Travelers' umbrella policy limit is $25 million and Amerisure's umbrella policy limit is $5 million, Kirco liability, to the extent it exceeds the underlying insurance limits, will be apportioned 83% (25/30) to Travelers and 17% (5/30) to Amerisure.

---

coverage . . . serve[s] a useful purpose in clarifying the legal relations at issue." *Northland Ins. Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 454 (6th Cir. 2003). The Sixth Circuit has recognized that, in cases regarding liability insurance and a carrier's obligation to indemnify the insured, an actual controversy exists once the events underlying the insured's liability have occurred. *AMCO Ins. Co. v. Westborn Chrysler Jeep Inc.*, 2018 WL 3983807, at *4 (E.D. Mich. June 29, 2018).

**IV. Conclusion**

In sum, Travelers' motion for summary judgment (ECF No. 33) is

**DENIED**. Amerisure is not solely liable for defending and indemnifying

Kirco relative to the underlying action.

Amerisure's motion for summary judgment (ECF No. 34) is

**GRANTED.** After CGL policy limits are exhausted, the Travelers and

Amerisure umbrella policies share coverage obligations to Kirco in the

underlying action on a *pro rata* by policy limits basis.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: November 17, 2022